The act passed in 1784, New Rev., ch. 223, allows to sheriffs 2 1/2 per cent for executing a warrant of distress or an execution against the body or goods; and it is argued for the plaintiff that he is entitled to those commissions, because he levied upon the goods, and would have sold them, had the sale not been stopped by the defendants, who were plaintiffs in that execution; and in support of this doctrine Alchin v. Wells, 5 Term, and 1 Caines, 192, are relied upon.
In the first of these authorities it was held that the sheriff was entitled to his fees when he levied upon the goods under a fi. fa., though the parties compromised before he sold them.
This case is admitted to be law, but it is denied that the British statute, which allows fees to sheriffs, resembles our act of 1784. It may, therefore, not be amiss to compare them.
By the statute of 29 Eliz., ch. 4, it is declared that it shall not be lawful for any sheriff, etc., to receive or take of any person, etc., for the serving and executing of any extent or execution upon the body, lands,goods or chattels of any person, etc., more, etc., than in this present act shall be limited and appointed, etc., that is to say, 12 pence for every 20 shillings when the sum exceeded 100l and 6 pence for every 20 shillings over and above that sum that he shall so levy or extend (15) and deliver in execution, or take the body in execution for. To make it more plain, I will read it thus: The sheriff shall receive for serving and executing an execution on goods such and such fees for such and such sums as he shall so levy. From this part of the statute I understand that the sheriff shall have fees in proportion to the sums which he shall levy or raise by serving and executing the execution. I think the verb to levy here means to raise. I cannot allow to it the meaning here that is sometimes given to it by the context, when it is said, "that an execution has been levied upon property, but not sold"; in such case its meaning is more restricted. I, therefore, think the authorities relied upon are applicable to the act of 1784; and that under the circumstances of this case the plaintiff is entitled to his commissions. I *Page 5 
think the law is founded in justice. The execution had been issued; was levied upon property which he was about to sell, in which event he would have received his commissions; the act he had undertaken to do was an entire one, was not divisible; and I think he is entitled to the whole of his commissions. If, therefore, the question depended upon the consideration of this part of the case, I should be for granting a new trial. But an objection is made to the form of the action, and that is, that the defendants have been brought into court by summons as administrators, and no declaration has been filed laying the cause of action against them in their individual characters; and it was not known until the trial came on and the evidence disclosed that they were sued for an act done by them in their individual characters. The case made up and sent here was taken from the evidence, and discloses a cause of action against them in their individual characters, and we cannot give judgment against them in those characters when the record shows they were sued as administrators; and we cannot give judgment against them as administrators for acts done by them in their own persons. When they stopped the further progress of the execution in the hands of the plaintiff as sheriff, they did not do it as administrators, but they did it in their individual characters, and they should have been sued accordingly. (16)
With respect to the aid contemplated by the plaintiff to be derived from the act of 1824, ch. 3, by amending the proceedings, I think it is not to be relied upon.
In the first part of section 2 of the act a general power is given to the Supreme Court to amend from time to time the proceedings in either the county or Superior Courts. In the latter part of the section it is restricted to such amendments as might have been made in the county or Superior Courts. Here the act is not very explicit; its words are broad enough to include all amendments that might have been made in a suit at any stage of the proceedings; but I am far from thinking that this Court possesses the power of making all such amendments by that act, but only such as the court from which the record came might have made after final judgment rendered by it. It would be preposterous to say that this Court could permit an amendment to be made which the court from whence it came could not make. In the earlier stages of a suit amendments might be made in either the county or Superior Courts; if they are not moved for until the suit has progressed further, it might not be proper then to permit them to be made. It certainly is not the meaning of the act that this Court will suffer amendments to be made here which the county or Superior Courts might have allowed to be made, in case application had been made at the proper time, but which after that time they ought not to have permitted to be made. *Page 6 
If, then, after the trial of this cause in the Superior Court, it was too late to amend the proceedings, so as that the suit would stand against the defendants in their individual characters, this Court has not the power of doing it. It is to be regretted that the cause cannot be decided upon its merits; but this Court has no alternative, but must say that judgment must be given for the defendants.